**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

v.  Case No. 3:11-cr-281-J-37JBT

**BRYAN ADRAIN COPELAND**
_____/

## ORDER

Before the Court is the Government's Motion to Amend Judgment in a Criminal Case (Doc 68) filed June 26, 2012 requesting that the Court enter an Amended Judgment to include the forfeiture of all right, title and interest of the Defendant in the sum of $5,000,000.00, pursuant to the Forfeiture Money Judgment entered March 5, 2012. The Defendant filed a response in opposition on June 27, 2012 (Doc 69) which submits that since the Government failed to allege that the Court orally pronounced the forfeiture judgment at sentencing, the Government waived and forfeited its right to seek such relief by not requesting it in a timely manner under Rule 32.2 and Rule 35.

Subsequently, the Government filed a Supplement to the Motion (Doc 70) to which the Defendant filed a Motion to Strike (Doc 71) which states that the Supplement should be stricken as an unauthorized response under the Local Rules. Both documents were filed June 28, 2012.

It appears to the Court that the motion practice here is an effort to create a tempest in a teapot. The issue of whether the forfeiture was referenced at the sentencing proceeding could be very simply handled. Counsel for the Defendant clearly states in the response (Doc 69) that he was not counsel at the time of the sentencing and was not present at the sentencing, so he has no way of knowing whether the Court did or did not orally pronounce a final order of forfeiture. Actually, counsel could have taken steps to

find out by asking Mr. Rosenblum who was defense counsel at the time of the sentencing or by requesting a copy of the transcript. Accepting the bona fides of his filings, he apparently did neither. However, the Court was in attendance and has full recollection of the proceeding. The Court declines to address the Defendant's Motion to Strike (Doc 71) and directs that it simply be terminated.

The Court now turns to the allegation of the timeliness of the Government's Motion. The Defendant in this case was sentenced on June 18, 2012. The Motion at hand was filed on June 26, 2012 which is eight (8) days after sentencing. Federal Rule of Criminal Procedure 35 which the Defendant references in his response states that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Eight days is within fourteen days. Therefore, the Defendant's premise that the motion was untimely fails.

The second point raised by the Defendant is that because the Government's Motion did not specifically state that forfeiture was addressed at the time of sentencing, it is forever waived. In a review of the docket of this case, a Change of Plea hearing was held before the undersigned on February 15, 2012 and a Plea Agreement was filed (Doc 42). The Plea Agreement addressed the forfeiture of money judgment in the amount of $5,000,000.00, the plea colloquy also specifically addressed it. Subsequent to the change of plea hearing a Forfeiture Money Judgment (Doc 47) was entered on March 5, 2012.

While the Court has a clear recollection of the proceedings, it has also reviewed the realtime transcript of the sentencing held on June 18, 2012 to confirm that this issue was addressed at sentencing. Not only was the issue of forfeiture addressed, the Government specifically requested that the Court mention the forfeiture of the money judgment in the amount of $5,000,000.00 on the record so that it could be included in the judgment as required by Fed R. Crim P. 32.2(a)(4)(B). The Court did so. The Court's error in failing to

include the forfeiture of money judgment in the Judgment was an oversight properly corrected by amending the Judgment pursuant to Fed. R. Crim. P. 36 in addition to the authority to correct a sentence pursuant to Fed. R. Crim. P. 35(a). Therefore, based on the foregoing, it is

**ORDERED** that the Defendant's Motion to Strike (Doc 71) is **TERMINATED**. The Government's Motion to Amend Judgment in a Criminal Case (Doc 68) is **GRANTED**. An Amended Judgment will be issued forthwith.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of June, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies to:
Counsel of Record
U.S. Marshal
U.S. Probation